UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT RICH,<br><br>  Defendant. | NO. CR-02-181-RHW<br><br>**ORDER ADDRESSING DEFENDANT'S HABEAS PETITION** |

A hearing on Defendant's pending habeas petition was held on January 26, 2006. Defendant was present and represented by Chris Bugbee. The Government was represented by Aine Ahmed.

## BACKGROUND

Defendant was convicted of one count of Possession with Intent to Distribute More Than 5 Grams of Pure Methamphetamine; one count of Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine; and one count of Possession of an Unregistered Firearm. Defendant was sentenced to an eighty-four (84) month term of imprisonment; a four (4) year term of supervised release; and a $300 special penalty assessment.

On August 6, 2004, Defendant filed his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his petition, Defendant alleged that he had asked his counsel to appeal his sentence, and his counsel failed to honor his request. Defendant also asserted three other claims: the guilty plea was obtained by coercive threats; the guilty plea was

**ORDER ADDRESSING DEFENDANT'S HABEAS PETITION ~ 1**

involuntary because the pending suppression motion was unknowingly rendered waived by plea; and the Court did not have an adequate factual basis for accepting the guilty plea.

The Court ordered that an evidentiary hearing be held only on Defendant's ineffective assistance of counsel claim and appointed counsel to represent him at the evidentiary hearing. An evidentiary hearing was held on December 16, 2005. At the conclusion of the hearing, the Court continued the hearing to allow the parties to confer regarding the appropriate disposition of Defendant's petition.

In response to the Court's directive, Defendant filed a Motion to Clarify the Scope of Defendant's § 2255 Petition; to Expand the Scope of the Evidentiary Hearing; and to Amend Requested Relief (Ct. Rec. 94). Defendant asked that the Court address Defendant's remaining claims, namely whether the Government compelled false statements from alleged uncharged co-conspirators and whether Defendant's counsel was ineffective in advising him regarding the risks and consequences of going to trial.

Rather than grant Defendant's request, the Court ordered that Mr. Bugbee be appointed to review Defendant's petition and file additional briefing regarding Defendant's petition within thirty (30) days. The Court will then determine whether an evidentiary hearing is necessary after the Government has filed its response.

With regard to Defendant's first claim in his habeas petition, namely, that his counsel failed to file an appeal upon his request, the Court denies Defendant's claim. The Court finds that Defendant did not request an appeal within the ten (10) day time frame. The Court finds Mr. Hormel credible and Defendant not credible. Defendant stated that he requested an appeal immediately after the sentencing while still in the courtroom. Mr. Hormel testified that Defendant did not mention an appeal and the record reflects contemporaneous notes confirming that after sentencing, Defendant did not want to appeal. Mr. Hormel and Defendant talked

**ORDER ADDRESSING DEFENDANT'S HABEAS PETITION ~ 2**

1  two days after the plea and Defendant did not bring up the appeal.  Defendant's
2  concern at that time was the report date.  The only place that he discussed the
3  appeal was in an October letter addressed to the Governor in which he stated that
4  he had wanted to appeal.  Moreover, it is clear from subsequent proceedings that
5  the remedy that Defendant is seeking is not to appeal the sentence, but to withdraw
6  his plea.

7  Accordingly, **IT IS HEREBY ORDERED:**

8  1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a
9  Person in Federal Custody (Ct. Rec. 64) is **DENIED**, in part.

10  2. Mr. Bugbee is **appointed** to represent Defendant with regard to his
11  habeas petition.

12  3. Mr. Bugbee is **directed** to file briefing regarding Defendant's habeas
13  petition on or before **February 27, 2006**.

14  4. The Government shall file its response **within two weeks** from service
15  of Defendant's briefing.

16  **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
17  order and to provide copies to counsel.

18  **DATED** this 31st day of January, 2006.

20  s/ Robert H. Whaley

21  ROBERT H. WHALEY
    Chief United States District Judge

26  Q:\CRIMINAL\2002\rich\2255.ord4.wpd

**ORDER ADDRESSING DEFENDANT'S HABEAS PETITION ~ 3**